UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK
----------------------------------------------------------------X
PRO BONO INVESTMENTS, INC.,           :
                        Plaintiff,   :
                               :
        - against -                        :        05 Civ. 5288 (AKH)
                               :
AFFIRMATIVE EQUITIES COMPANY, L.P.,   :        **ORDER DENYING**
AFFIRMATIVE EQUITIES INC., GP, et al.,   :        **MOTION TO**
                       Defendants.   :        **VACATE**
----------------------------------------------------------------X

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

       By order dated July 18, 2005, I dismissed this lawsuit, <u>sua sponte</u>, for lack of diversity jurisdiction, the basis of jurisdiction alleged in the complaint. Plaintiff now moves to vacate my order. The motion is denied.

       Plaintiff sues parties which are limited partnerships. I dismissed the complaint because diversity of citizenship was not shown. Plaintiff now states that since it is a citizen of Nevada and Arizona for diversity purposes, it does not have to show the citizenship of the limited and general partners of the defendants which are limited partnerships, and it is up to defendant to "demonstrate[e] that any member of their partnerships resides in Nevada or Arizona." That is not so. The parties cannot collude to create federal jurisdiction. The court's jurisdiction has to be proved, and the court, <u>sua sponte</u>, may ask for such proof. <u>See</u> <u>Herrick Co., Inc. v. SCS Communications, Inc.</u>, 251 F.3d 315, 324 (2d Cir. 2001). I asked for such proof, and plaintiff failed to supply it. Hence, the case was properly dismissed.

       The second ground of plaintiff's motion deals with the issue of Bishop & Company being a necessary party or indispensable party plaintiff, destroying diversity

jurisdiction. I did not rule on that issue, and there is therefore nothing before me on that issue.

Plaintiff's third ground argues that I had not received its papers before I issued my order. That may be so, and if plaintiff had shown any basis to support its allegation of subject matter jurisdiction, I might have vacated my July 18th order. But plaintiff has not done so, to this day, seeking thereby to shift its responsibility to defendants.

For all these reasons, plaintiff's motion to vacate is denied, and the oral argument scheduled for October 11, 2005 is cancelled.

SO ORDERED

Dated: New York, New York
September 22, 2005

Alvin K. Hellerstein
United States District Judge